CLARENCE J. BROWN v. MINNEAPOLIS & ST. PAUL SUBURBAN RAIL-
WAY COMPANY.[1]

November 8, 1907.

Nos. 15,311—(93).

**Removal of Passenger—Verdict not Excessive.**

A passenger upon a suburban railway between Minneapolis and Lake
Minnetonka presented a transfer which had been given him by the purser
of a steamboat which was run in connection with the railway. The con-
ductor refused to accept the transfer unless the passenger exhibited the
cover of the commutation ticket book from which the ticket which had
been given the purser in exchange for the transfer had been taken. The
passenger refused to pay his fare and was ejected from the car with un-
necessary violence. The questions whether the book cover contained a
statement that it must be produced, and also the existence of a custom
requiring its production, were submitted to the jury under proper instruc-
tion, and a verdict for $150 returned for the plaintiff. The trial court re-
duced the verdict to $100. *Held*, that the evidence sustains the verdict,
and that the verdict as reduced was not excessive.

Action in the district court for Hennepin county to recover $1,000
damages for the forcible removal of plaintiff from defendant's car.
The case was tried before Holt, J., and a jury which returned a ver-
dict for plaintiff for $150. From an order denying its motion for a
new trial, provided plaintiff would consent to a reduction of the ver-
dict to $100, defendant appealed. Affirmed.

*Jno. W. Arctander,* for appellant.
*Wilson & Mercer,* for respondent.

ELLIOTT, J.

The respondent, Clarence J. Brown, was ejected from one of the
cars operated by the appellant between Minneapolis and Lake Minne-
tonka, and brought his action for damages, and recovered a verdict
for $150. The trial court reduced the verdict to $100, and the rail-
way company appealed from an order denying its motion for a new
trial.

[1] Reported in 113 N. W. 895.

The appellant operates a line of suburban cars, and sells commutation tickets which are good for the designated number of rides upon the terms and conditions of the contract between the company and the purchaser. One of these tickets or books was purchased by the respondent's mother, for the use of the members of the family, during the summer of 1906. The book contained twenty five coupons, and each coupon was good for a continuous ride on the appellant's steamers and the cars between Minneapolis and Minnetonka. Any member of the family was entitled to use the transportation. On the afternoon of September 16, 1906, the respondent took one of the appellant's steamers at Isleview for Excelsior. On the boat the purser took the coupon ticket and gave the respondent a transfer which reads as follows: "This receipt is good for continuous ride between Excelsior and Minneapolis on first car leaving Excelsior on date and after time canceled." The respondent took a proper car within the time limited. Soon after the car left Excelsior the conductor called upon the respondent for his transportation and was tendered the transfer in question, which the conductor refused to accept unless the respondent also exhibited the book from which the coupon, which had been exchanged for the transfer, had been taken. The respondent did not have the book or cover, and was unable to produce the same. He explained to the conductor that he had exchanged his coupon ticket on the company's steamer for the transfer, and that the book, from which the coupon had been taken, did not contain any condition that it should be presented with the coupon. The conductor demanded the payment of a cash fare, and, this being refused, stopped the car and ejected the passenger.

There was a controversy as to whether the cover of the commutation coupon book or ticket, which had been purchased by Mrs. Brown, contained a provision which required the production of the cover, and the issue seems to have been submitted to the jury, although counsel for the company stated to the court that he did not claim that the ticket contained the condition in regard to the transfer, only in regard to the coupon. Counsel stated to the court that "the ticket cover does not contain any condition that it must be presented with the transfer." It was claimed, however, that there was a well-established custom,

known to the passengers, under which conductors always required passengers to exhibit the book cover from which the coupon had been taken by the purser on the steamboat. This was denied, and the issue went to the jury under proper instructions. The jury found in favor of the plaintiff, and we find no reason for interfering with its conclusion.

The only question remaining is as to the claim that the damages awarded are excessive. The respondent claims that he was violently ejected from the car and subjected to unnecessary indignities. He testified that: "When I was about getting down the steps, he [the conductor] pushed me violently off the rear platform. * * * I alighted on my feet; stumbled down the steps, but regained my feet. I came near falling, but did not fall. I suffered no injury at all." A witness, who testified that he was on the ground near the car, testified: "I looked up and saw a man walking in front of the conductor coming back to the end of the car, and when he got to the hind step the conductor pushed him off the car. I saw that. He pushed him violently off the car. He landed within a foot and a half of me. If he had not been quick on his feet, he would have fallen there." This witness seems to have been disinterested and the jury evidently believed that he correctly described the manner in which the respondent was ejected from the car. Under such circumstances we cannot say that a verdict for $100 damages was excessive.

Order affirmed.